UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

NICK HUMPHREY and CHRIS RAVEY,

        Plaintiffs,

  v.

HG LANSING LLC, d/b/a Homegrown Cannabis Co., INDEPENDENT STAFFING & CONSULTING LLC, and THOMAS J. SAAD, JR.,

        Defendants.

---

Mark S. Wilkinson (P68765)
PALADIN EMPLOYMENT LAW PLLC
*Attorney for Plaintiffs*
251 North Rose Street
Suite 200, PMB № 288
Kalamazoo, MI 49007-3860
(tel.) 269.978.2474
mark@paladinemploymentlaw.com

---

# C O M P L A I N T

Plaintiffs Nick Humphrey and Chris Ravey allege the following for their complaint against Defendants HG Lansing LLC, d/b/a Homegrown Cannabis Co., Independent Staffing & Consulting LLC, and Thomas J. Saad, Jr.

### NATURE OF THE CASE

1. This is an employment case about retaliation under the Fair Labor Standards Act (FLSA).

2. Plaintiffs Nick Humphrey and Chris Ravey complained about Defendants' payroll practices and further explained to Defendants that they planned to file a complaint with govern-

ment agencies about Defendants' payroll practices.

3. Hearing this, Defendants responded by promptly firing both Humphrey and Ravey.

4. And, when firing them, Defendants admitted that Defendants fired Humphrey and Ravey because of their complaints over Defendants' payroll practices and their anticipated complaints to government agencies.

5. Defendants' conduct violates the FLSA and Humphrey and Ravey are entitled to recover damages that include, but are not limited to, back wages, liquidated damages, compensatory damages (including emotional distress), punitive damages, attorney's fees, and litigation costs.

## PARTIES, JURISDICTION, AND VENUE

6. Plaintiff Nick Humphrey is an individual person who resides in Ingham County, Michigan.

7. Plaintiff Chris Ravey is an individual person who resides in Ingham County, Michigan.

8. Defendant HG Lansing is a company organized under the laws of the State of Michigan. The company maintains its principal place of business in Ingham County, Michigan and operates a marijuana cultivation business that does business under the name "Homegrown Cannabis Co."

9. Defendant Independent Staffing & Consulting is a company organized under the laws of the State of Michigan. The company maintains its principal place of business in Ingham County, Michigan.

10. Defendant Thomas J. Saad, Jr. is an individual person who owns, operates, and controls Defendants HG Lansing LLC and Independent Staffing & Consulting. Saad controlled

and implemented the unlawful employment practices that Defendants took in this case.

11. The Court has personal jurisdiction over Defendants under Michigan Compiled Laws Sections 600.701, 600.705, 600.711, and 600.715. FED. R. CIV. P. 4(k)(1)(A).

12. The Court has original subject matter jurisdiction over the claims asserted in the complaint under the FLSA in accordance with Title 28 of the United States Code, Section 1331, because those claims arise under federal law. The FLSA also independently provides for subject matter jurisdiction in the United States Courts. 29 U.S.C. § 216(b).

13. Venue is appropriate in this judicial district in accordance with Title 28 of the United States Code, Section 1391(b).

## GENERAL ALLEGATIONS

*Defendants HG Lansing and Independent Staffing and Consulting Are FLSA Joint Employers*

14. Plaintiffs Nick Humphrey and Chris Ravey worked for both Defendants HG Lansing and Independent Staffing and Consulting as the two companies were (and are) considered joint employers within the meaning of the FLSA.

15. Defendant HG Lansing holds a license from the State of Michigan to grow, cultivate, and sell marijuana for recreational and medical purposes.

16. As a license holder, a set of rules promulgated by the Michigan Marijuana Regulatory Agency apply to Defendant HG Lansing. Several of these rules apply and relate to the employment of the license holder's employees.

17. In an attempt to circumvent these rules, Defendant Thomas Saad Jr. and his father, Thomas Saad Sr., created Defendant Independent Staffing and Consulting where Defendant Independent Staffing and Consulting would serve as the employer of record for employees who actually worked for Defendant HG Lansing and performed their work at Defendant HG Lansing's fa-

cility.

18. In other words, Defendant Independent Staffing and Consulting served as the employer "on paper," but Defendant HG Lansing was actually directing and controlling the employees and the work they performed.

19. Defendants HG Lansing and Independent Staffing and Consulting's operations are significantly interrelated and substantially interconnected.

20. Defendants HG Lansing and Independent Staffing and Consulting share common managers.

21. Defendants HG Lansing and Independent Staffing and Consulting have established a centralized control over labor relations and personnel management.

22. Defendants HG Lansing and Independent Staffing and Consulting share common ownership.

23. Defendants HG Lansing and Independent Staffing and Consulting's annual sales exceed $500,000 and they employ more than two people.

24. Defendants HG Lansing and Independent Staffing and Consulting and their employees engage in interstate commerce.

*Plaintiffs Complain About Defendants' Payroll Practices and They Are Promptly Fired*

25. Humphrey and Ravey complained about Defendants' pay practices and requested that Defendants compensate them for the overtime hours they worked on the regular pay day for the period in which the wages were earned.

26. Humphrey and Ravey's complaints about Defendants' pay practices were reasonable and made in good faith as Humphrey and Ravey believed that Defendants' pay practices violated the FLSA.

27. Humphrey and Ravey also informed Defendants that they planned to file a complaint with the United States Department of Labor or other government agencies to request an investigation and resolution of their complaints.

28. On February 1, 2021, and shortly after Humphrey and Ravey's complaints about Defendants' payroll practices—and almost immediately after hearing about their intention to file complaints with governmental agencies—Defendants fired Humphrey and Ravey.

29. And when firing Humphrey and Ravey, Defendant Saad commented and admitted that Defendants fired Humphrey and Ravey because of their complaints over Defendants' pay practices and their anticipated complaints to government agencies.

*Defendant Saad's Individual Liability*

30. Defendant Saad is liable for the claims asserted in the complaint under the FLSA because he had significant control over the day-to-day operations at Defendants HG Lansing LLC and Independent Staffing & Consulting and, in particular, had substantial personal control over Humphrey and Ravey's employment.

31. Defendant Saad has a significant or majority ownership interest in Defendants HG Lansing LLC and Independent Staffing & Consulting.

32. Defendant Saad personally assigned work tasks to Humphrey and Ravey on behalf of Defendants HG Lansing LLC and Independent Staffing & Consulting, and he personally made many of the decisions (if not all of the decisions) regarding Humphrey and Ravey's employment and their working conditions while at Defendant HG Lansing LLC and Independent Staffing & Consulting, including but not limited to whether and when to pay them the compensation owed to them under the FLSA and resolving their complaints about Defendants' payroll practices.

33. Defendant Saad personally set the compensation rate and method of pay for

Humphrey and Ravey while they were employed by Defendants HG Lansing LLC and Independent Staffing & Consulting.

## COUNT 1
### RETALIATION IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

34. Humphrey and Ravey repeat and incorporate all the previous allegations in their complaint.

35. Humphrey and Ravey engaged in activity protected by the FLSA by, among other things, requesting proper compensation for themselves and complaining about Defendants' pay practices.

36. Defendants knew about Humphrey and Ravey's protected activities.

37. Defendants terminated Humphrey and Ravey's employment after they learned about Humphrey and Ravey's protected activities.

38. There was a direct and causal connection between Humphrey and Ravey's protected activities and Defendants' decision to terminate their employment.

39. Humphrey and Ravey have suffered damages as a result of Defendants' violations of the FLSA, that include, but are not limited to, back wages, liquidated damages, compensatory damages (including emotional distress), punitive damages, attorney's fees, and litigation costs.

## JURY DEMAND

40. Humphrey and Ravey demand a trial by jury on all issues so triable. FED. R. CIV. P. 38(b).

## RELIEF REQUESTED

41. Plaintiffs Nick Humphrey and Chris Ravey request that the Court enter a judgment in their favor and against Defendants in an amount that will fully and fairly compensate them for all of their damages, losses, expenses, back wages, liquidated damages, compensatory

damages (including emotional distress), punitive damages, attorney's fees, litigation costs, and interest.

42. Humphrey and Ravey also request that the court grant them any additional relief, both legal and equitable, as the Court determines to be appropriate and just under the circumstances.

NICK HUMPHREY and CHRIS RAVEY

Dated:  March 26, 2021                By:   /s/  Mark S. Wilkinson

Mark S. Wilkinson (P68765)
*Attorney for Plaintiffs*
PALADIN EMPLOYMENT LAW PLLC
251 North Rose Street
Suite 200, PMB № 288
Kalamazoo, MI 49007-3860
(tel.) 269.978.2474
mark@paladinemploymentlaw.com